her a good living, and bequeathed the residue of his estate after his wife's death to his children, and directed the executors, should his wife not desire to live in the present homestead, to sell it and purchase or rent one to her liking, *held* that the wife was entitled not only to the life use of the estate but to a portion of the principal estate, sufficient to give her a good living.

## John Funk, Defendant in Error, v. Chase Fowler, Plaintiff in Error.

### Gen. No. 6,479.   (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE and Hon. JOE A. DAVIS, Judges, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by John Funk, complainant, against Chase Fowler, defendant, for accounting. From a decree finding $15,118.10 due from defendant to complainant, defendant brings error.

The history of the litigation appears in former opinions in the same case. See 179 Ill. App. 356, and 193 Ill. App. 180. The cause, being reinstated, was referred to a master in chancery who reported the amount due complainant from defendant was $14,512.11, that the premises in controversy were of the value of $8,000, and that the defendant was insolvent. The report was approved, with small changes, and interest added to date of decree.

McDOUGALL & CHAPMAN, for plaintiff in error.

M. M. ARMSTRONG and LESTER H. STRAWN, for defendant in error.

Mr. Presiding Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1.  Appeal and Error, § 1733*—*when decision on former appeal is binding.* Former opinion *held* binding on the trial court and to foreclose the question of defendant's attorney fees on reinstatement in that court, in a suit by a client against his attorney for an accounting.

2.  Attorney and Client, § 89*—*when evidence shows note is debt of attorney.* Evidence *held* sufficient to warrant a finding of the master and chancellor that a certain note signed by both plaintiff and defendant was a debt of defendant and properly chargeable to him, in a suit for accounting by a client against his attorney.

3.  Attorney and Client, § 89*—*when evidence warrants finding as to value of farm of client.* Evidence *held* sufficient to warrant the master's finding of rental value of the farm in question as the highest market value, notwithstanding plaintiff claimed a special value to him in a suit for accounting by a client against his attorney.

4.  Appeal and Error, § 1575*—*when method of computation of interest is not prejudicial.* Defendant was not prejudiced by a method of computation of interest adopted by the master in chancery in computing interest on an account where the method urged by appellant would result in only a slight increase in the amount found due him, in a suit for accounting, but if the amount found was substantially too large, it should be corrected.

5.  Account, § 1570*—*when provision in decree prohibiting attempts to collect allowed account is not harmful.* When a party to an accounting has a demand against his opponent allowed, and thus practically paid, he is not harmed by a provision in the decree prohibiting him from further harassing his opponent with attempts to collect it.

6.  Injunction, § 1570*—*when defendant is not harmed by decree making perpetual an injunction against prosecution of suit.* Defendant was not harmed by a decree making perpetual an injunction against him from prosecuting a certain suit irrespective of the fact he had already dismissed the suit.

7.  Mortgages, § 551*—*when period for redemption from foreclosure sale is proper.* A decree fixing the period for redemption from a foreclosure sale at 4 months *held* proper, in a suit for accounting and cross-bill in the nature of a bill to redeem, where the Appellate Court in a former opinion directed a decree with the period of redemption fixed therein.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.